## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ALAN K. STUART, *et al.*,

      Plaintiffs,

Case No. 2:16-cv-622
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

v.

RUST-OLEUM CORPORATION, *et al.*,

      Defendants.

### OPINION AND ORDER

This is a patent infringement dispute between Plaintiffs Alan K. Stuart, Trustee of The Cecil G. Stuart and Donna M. Stuart Revocable Living Trust Agreement, and CDS Development LLC ("Plaintiffs"), and Defendants RPM International, Inc., Rust-Oleum Corporation, Wipe New LLC, and The Avento Corp ("Defendants"). On April 9, 2018, the United States Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB") instituted an *Inter Partes* Review of the disputed U.S. Patent No. 6,669,991 ("'991 Patent"), the patent-in-suit in this litigation. The Court held a telephone conference on April 24, 2018. At the telephone conference Defendants orally moved to stay this action pending resolution of the *inter partes* review by the PTAB. The Court ordered supplemental briefing on the PTAB's review of the disputed patent.

A district court has inherent power to manage its own docket and stay proceedings. *See, e.g., In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993). Courts thus have the power to stay patent proceedings pending the results of an *inter parties* review by the PTAB. *See, Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*, Case No. 2:13-cv-00785, 2014 U.S. Dist. LEXIS 78753, at *6 (S.D. Ohio June 10, 2014) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422,

1426–27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, . . . including the authority to order a stay pending conclusion of a PTO reexamination.")). To determine whether to grant a stay pending the PTAB determination, the following factors are relevant: "[1] whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Intellectual Ventures II LLC*, 2014 U.S. Dist. LEXIS 78753, at *6–7; *Tdata Inc. v. Aircraft Tech. Publishers*, Case No. 2:03-cv-264, 2008 U.S. Dist. LEXIS 698, at *7 (S.D. Ohio Jan. 4, 2008); *see also Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, Case No. SACV 12-21-JST, 2012 U.S. Dist. LEXIS 186322, at *3 n.1 (C.D. Cal. Dec. 19, 2012) (noting that the same analysis that applied to the PTO reexamination process should apply to the *inter partes* review process).

Here, although the first factor weighs in favor of the Plaintiff, the second and third factors weigh towards granting the stay. A stay of this litigation is likely to simplify the issues in dispute. As noted herein, the PTAB has already instated *inter partes* review proceedings on the '991 Patent. In instating the review, the PTAB determined "that Petitioners have shown there is a reasonable likelihood that they would prevail with respect to at least one of the challenged claims," and thus reviews claims 1–11, 13, 14, and 20–24 of the '991 Patent. The PTAB will have a decision by mid-2019 that will impact the issue of whether the '991 Patent is valid. *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (noting that "[w]hile a stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted."). Moreover, Plaintiffs will not suffer any prejudice or tactical disadvantage from granting the stay.

Based on the parties' supplemental briefing and the *Inter Partes* Review, this case is STAYED pending a decision by the PTAB.

**IT IS SO ORDERED.**

9-21-2018
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE